IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.:

| | |
|---|---|
| DOLLAR TREE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHADWICK SQUARE SHOPPING CENTER, LLC, <br><br> Defendant. | **COMPLAINT** |

Plaintiff Dollar Tree Stores, Inc. ("Dollar Tree" or "Tenant"), complains of Defendant Chadwick Square Shopping Center, LLC ("Chadwick Square" or "Landlord") as follows:

INTRODUCTION

1.    Dollar Tree and Chadwick Square entered into a lease agreement pursuant to which Chadwick Square would act as landlord and Dollar Tree would act as tenant for the lease of commercial space located at the Chadwick Square Shopping Center, 800 Greenville Highway, Unit #30 Hendersonville, North Carolina (the "Premises").  Dollar Tree operates a retail store at the Premises.  The current term of the lease agreement is set to expire on July 21, 2027.  Dollar Tree has the option to renew for two additional five-year terms.

2.    Hurricane Helene impacted Hendersonville, North Carolina, on or about September 28, 2024, causing minor damage to the Premises. Dollar Tree requested

that Chadwick Square repair the damage to the Premises pursuant to the terms of the lease agreement.

3.  The lease requires Chadwick Square to make repairs after a casualty event if the cost to repair is less than half of the replacement cost of the Premises.

4.  Rather than repair the minor damage, Chadwick Square purportedly terminated the lease by arguing that inaccurate, inflated quotes for unnecessary repairs bring the cost to greater than half of the cost to replace the Premises. Upon information and belief, Chadwick Square is doing so to avoid terms in the lease agreement that it now regards as unfavorable. Meanwhile, Chadwick Square repaired an adjacent space in the shopping center at the same elevation and that tenant is operating.  Instead of completing the repairs and restoration at the Premises as required by the lease, Chadwick Square wrongfully attempted to terminate the lease and exercised unlawful self-help remedies to usurp Dollar Tree's right to possession and quiet enjoyment of the Premises.

## PARTIES, VENUE, AND JURISDICTION

5.  Dollar Tree is a Virginia corporation with its principal place of business in Chesapeake, Virginia.

6.  Chadwick Square is a North Carolina limited liability company. Chadwick Square's members are Laura E. Bloemsma as Trustee of Tony A. Bloemsma and Laura E. Bloemsma Living Trust and Tony A. Bloemsma as Trustee of Tony A. Bloemsma and Laura E. Bloemsma Living Trust, both of whom are citizens and residents of East Flat Rock, North Carolina.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity jurisdiction, as the Parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

<u>FACTUAL ALLEGATIONS</u>

9.     On February 23, 2017, Dollar Tree and Chadwick Square entered into a Lease Agreement ("the Lease") for Dollar Tree to lease the Premises for use as a Dollar Tree retail store.  An accurate copy of the Lease is attached as <u>Exhibit 1</u>.

10.    On May 17, 2017, Dollar Tree and Chadwick Square executed a Commencement Certificate establishing a Lease Commencement Date of July 30, 2017, and a Lease expiration date of July 31, 2022, subject to Dollar Tree's right to exercise its options to renew the Lease.

11.    Section C.3. of the Lease provides that "Landlord hereby grants to Tenant the option to renew this Lease for the Renewal Terms on the condition that at the time Tenant exercises each option to renew, Tenant is not in default under this Lease beyond the expiration of any applicable cure period."

12.    The Lease further provides that Dollar Tree had three (3) options to renew for five (5) years each.

13.    On December 16, 2021, Dollar Tree properly exercised its option to renew the Lease for the First Renewal Term, extending the term of the Lease to July 31, 2027.

14.    Pursuant to the Lease, Dollar Tree has an option to renew for a Second Renewal Term and a Third Renewal Term, each running for a period of five years.  So

3

long as Dollar Tree is not in default of the Lease, it has the right to renew the Lease through July 31, 2037.

15. On or about September 28, 2024, the Premises sustained minor damage caused by Hurricane Helene. The damage to the Premises was predominantly limited to wet drywall. The damaged drywall has already been removed.

16. The Lease requires Chadwick Square to repair damage to the Premises caused by casualty events like Hurricane Helene.

17. Specifically, Section N.1. of the Lease provides that "[i]n the event the Premises are damaged due to casualty or other event to an extent which is less than fifty percent (50%) of the cost of replacement of the Premises, Landlord shall promptly repair the damage, at Landlord's expense, using proceeds of Landlord's property and casualty insurance and other funds of Landlord required to complete such repairs."

18. On October 7, 2024, Dollar Tree sent Chadwick Square a Notice of Casualty Event. In the Notice of Casualty Event, Dollar Tree demanded that Chadwick Square fulfill its obligation to make all the repairs and restorations to the Premises as required by the Lease. An accurate copy of the October 7, 2024, letter is attached as Exhibit 2.

19. In an undated letter which Dollar Tree received on or about October 15, 2024, Chadwick Square responded to Dollar Tree's Notice of Casualty Event, stating that "[a]s we have inspected the premises, which have been so severely damaged by the wind and flooding consequent to the hurricane last month, we have reluctantly concluded that it is too risky for both of us, to try to reconstruct your former Dollar

4

Tree store[.]  The combination of wind and water raised the flooding to such a height that it doesn't make economic sense for either of us to reconstruct the rental space and resume operations at that floor level."  An accurate copy of Chadwick Square's undated letter is attached as Exhibit 3.

20.     In the same letter, Chadwick Square stated that "[f]or that reason, we recommend that you look for rental space with a higher protected floor level on the south side of Hendersonville."

21.     As a result of Chadwick Square's failure to timely repair the Premises, on or about November 1, 2024, Dollar Tree began to exercise its rights under Section N.4. to abate its rent payments until Chadwick Square completed the repairs.

22.     On December 31, 2024, counsel for Chadwick Square sent an e-mail to Dollar tree stating that the undated letter was a "termination communication" and that Chadwick Square planned to raise the building several feet to ensure protection from future flooding, which would result in repairs costing more than 50% of the cost of replacement the Premises.  Chadwick Square's counsel stated that it "is exposed to future loss should the space continue to house Dollar Tree."

23.     After Dollar Tree received the December 31, 2024 email from Chadwick Square's counsel, Dollar Tree and Chadwick Square continued to discuss repairs to the Premises.  Dollar Tree asked Chadwick Square for proof that it was required or necessary to raise the Premises.

24.     On January 14, 2025, Dollar Tree sent a Notice of Default and of Self-Help Intent to Chadwick Square, reiterating Chadwick Square's contractual

obligation to repair the damage to the Premises. Dollar Tree also informed Chadwick Square that if Chadwick Square failed to meet its obligations under the Lease that Dollar Tree would exercise its right to commence repairs to be reimbursed by Chadwick Square.

25. On February 18, 2025, counsel for Chadwick Square, despite continued discussions regarding Chadwick Square's obligations under the Lease, affirmatively stated that the undated letter terminated the Lease and Chadwick Square planned to lock Dollar Tree out of the Premises. Attached to the February 18, 2025 email is a quote from Carolina Specialties Construction for raising the floor elevation of the Premises. The quote estimated that the replacement cost of Chadwick Square's shopping center is $6,657,350.00.

26. Chadwick Square has never provided any evidence that it is required by law or its insurer to raise the floor elevation of the Premises nor is a capital improvement of such magnitude a "repair" within the common meaning of the term.

27. Chadwick Square acted in bad faith when it included the cost to raise the floor elevation without any legal requirement to do so.

28. During discussions with Chadwick Square regarding the repairs needed, Dollar Tree engaged a contractor to estimate the cost of repair. The cost of the necessary repairs to the Premises is not 50% of the replacement cost of the Premises. Upon information and belief, the costs of repairs will not exceed three hundred thousand dollars ($300,000).

6

29.     Despite taking the position that repairs at the floor level would not make "economic sense" for the Premises and therefore justified terminating the Lease, Chadwick Square repaired storm damage that Hurricane Helene caused to an adjacent space on the same floor level as the Premises for Storage Locker Ltd. (the "Adjacent Tenant"), another tenant of Chadwick Square. The Adjacent Tenant is located at 800 Greenville Highway, Suite 10, Hendersonville, North Carolina.

30.     Below is the Premises located in Chadwick Square's shopping center and the Adjacent Tenant, as pictured to the left of Dollar Tree:



31.     Following the repairs to the Adjacent Tenant's space made by Chadwick Square, the Adjacent Tenant promptly resumed occupancy and is currently open and operating.

32.     Additionally, upon information and belief the tenant pictured above to the right of Dollar Tree, The Great American Hot Dog and Seafood, is continuing to operate at Chadwick Square's shopping center.

33.     On February 18, 2025, Chadwick Square informed Dollar Tree that it was changing the locks on the Premises on February 27, 2025. As of March 18, 2025, Dollar Tree has not been able to access the Premises.

34.     Chadwick Square's deceptive conduct, disparate treatment of Dollar Tree relative to its other tenants, self-help lockout of a tenant, continued bad faith refusal to repair the Premises, and other affirmative misconduct have prevented Dollar Tree from reoccupying its space and operating its business at the Premises since September 28, 2024.

35.     Dollar Tree's store on the Premises did a substantial volume of business and was profitable. Dollar Tree has lost substantial revenue and profit due to Dollar Tree's inability to reoccupy the Premises to continue operating its business.

36.     Dollar Tree is also suffering the loss of goodwill and will incur substantial expenses to remedy this loss, including expenses incurred to attract customers to return to Dollar Tree that have necessarily had to redirect their business to competitors during Dollar Tree's forced closure.

37.     Chadwick Square's breach and unfair trade practices (as described more fully below) are continuing to cause revenue losses during the current renewal term of the Lease and will cause damages for the two future renewal terms.

38.     Collectively, the harm will go on for next 12 years considering Dollar Tree's renewal options, and the financial harm to Dollar Tree will exceed $5 million over the life of the Lease and its renewal terms.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

39.     Dollar Tree reincorporates and realleges all preceding paragraphs as if fully set forth herein.

40.     An actual and justiciable controversy between Dollar Tree and Chadwick Square exists regarding the repairs and the enforceability of the terms of the Lease.

41.     The Lease is a valid and enforceable agreement between Dollar Tree and Chadwick Square.

42.     The Lease unambiguously establishes Dollar Tree's rights and Chadwick Square's obligations as it pertains to the Premises and its required repairs.

43.     Dollar Tree is entitled to a Declaratory Judgment that:

a.  The Lease is a binding and enforceable agreement between Dollar Tree and Chadwick Square;

b.  Chadwick Square had no contractual right to terminate the Lease;

c.  Chadwick Square's undated letter was an invalid attempt to terminate the Lease and had no effect;

d.  Chadwick Square is in default of its obligations under the Lease;

e.  Chadwick Square owes any unpaid rent credits to Dollar Tree; and

9

f.  Chadwick Square is required to repair the Premises pursuant to the terms of the Lease and return possession to Dollar Tree.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

44.  Dollar Tree reincorporates and realleges all preceding paragraphs as if fully set forth herein.

45.  The Lease is a binding and enforceable contract between Dollar Tree and Chadwick Square.

46.  Dollar Tree has performed all of its obligations under the Lease.

47.  Chadwick Square has breached the Lease by failing to promptly repair the damage to the Premises as required by Section N.1. of the Lease.

48.  Chadwick Square has also breached the Lease by attempting to terminate the Lease without justification.

49.  As a direct and proximate result of Chadwick Square's breaches of the Lease, Dollar Tree has incurred and will continue to incur damages in amount to be proven at trial in excess of $5 million.

50.  Dollar Tree is additionally entitled to recover its legal fees and expenses from Chadwick Square in accordance with section W.7. of the Lease and N.C. Gen. Stat. § 6-21.6 and other applicable authority.

## THIRD CLAIM FOR RELIEF
### (Specific Performance)

10

51.    Dollar Tree reincorporates and realleges all preceding paragraphs as if fully set forth herein.

52.    Dollar Tree has performed all of its obligations under the Lease.

53.    Chadwick Square is able and contractually obligated to repair the Premises, including repairing the drywall.    Chadwick Square is able and contractually obligated to continue to lease the Premises to Dollar Tree.

54.    Upon appropriate repair of the Premises, Dollar Tree is ready, willing, and able to continue performing all of its obligations under the Lease.

55.    With its options to renew, Dollar Tree is entitled to lease the Premises from Chadwick Square until July 31, 2037.

56.    Monetary damages cannot remedy all the lost benefits Dollar Tree would stand to receive by exercising its rights and options under the Lease until July 31, 2037.

57.    There is no other remedy that is adequate for Chadwick Square's breach than to order that the repaired Premises be delivered to Dollar Tree.

58.    Accordingly, this Court should enter an Order requiring Chadwick Square to repair the Premises and return possession of the Premises to Dollar Tree.

<u>FOURTH CLAIM FOR RELIEF</u>
(N.C.G.S. § 75-1.1 UNFAIR AND DECEPTIVE TRADE PRACTICES)

59.    Dollar Tree reincorporates and realleges all preceding paragraphs as if fully set forth herein.

60.    Chadwick Square's conduct as alleged herein has been willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous.

61. Chadwick Square's conduct as alleged herein is in or affecting commerce.

62. Chadwick Square has engaged in unfair and deceptive trade practices by purporting to terminate the Lease on fraudulent premises and by carrying out a self-help lockout preventing Dollar Tree from accessing the leased Premises to continue operations.

63. The breach of the Lease by Chadwick Square was substantially aggravated by the deceptive conduct outlined herein.

64. On December 31, 2024, Chadwick Square, through its counsel, stated "I am presently obtaining information concerning the repairs which will require my client to raise the building several feet to ensure protection from future flooding. Without them, my client is exposed to future loss should the space continue to house Dollar Tree and you are likely exposed as well. These necessary repairs will exceed 50% of the cost to replace the building under the Lease terms and therefore my client previously terminated the Lease. I have not seen anything that changes this outcome. I will communicate with you as I obtain the particular information."

65. Chadwick Square then exercised unlawful self-help remedies by locking Dollar Tree out of the Premises.

66. Upon information and belief, Chadwick Square has no present intention to raise the building several feet and it is not a necessary repair.

67. Chadwick Square is using an inflated repair estimate that includes unnecessary repairs to justify terminating the Lease because the terms of the Lease

are favorable to Dollar Tree and unfavorable to Chadwick Square, and Chadwick Square wishes to lease the Premises to another tenant on more favorable terms.

68.     Raising the Premises several feet is neither necessary nor required to repair it properly.  The repairs that are necessary are essentially new drywall and some other minor repairs totaling no more than $300,000.  Upon information and belief, the cost of repairing the Premises is much less than 50% of the replacement cost of the Premises.

69.     Chadwick Square knowingly made false statements about what repairs are required and the cost of necessary repairs with the intent to deceive Dollar Tree into believing that Chadwick Square has a valid basis to terminate the Lease.

70.     Dollar Tree has been and will be damaged by Chadwick Square's conduct and is entitled to monetary damages, trebled, and attorneys' fees and costs pursuant to N.C.G.S. § 75-16.

<u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiff Dollar Tree Stores, Inc. respectfully prays that:

1.      The Court enter judgment against Chadwick Square on all counts stated herein;

2.      The Court enter a declaratory judgment that Chadwick Square did not have a contractual right to terminate the Lease; the Lease is a binding and enforceable contract between Dollar Tree and Chadwick Square; Chadwick Square defaulted under the terms of the Lease; Chadwick Square owes any unpaid rent credits to Dollar Tree; and Chadwick

Square is contractually obligated to make repairs to the Premises under the terms of Lease and return possession to Dollar Tree;

3.  Dollar Tree have and recover compensatory damages from Chadwick Square as a result of Chadwick Square's breaches of the Lease;

4.  Dollar Tree have and recover treble damages from Chadwick Square as permitted by law;

5.  The costs of this action be taxed to Chadwick Square;

6.  Dollar Tree be awarded its attorneys' fees as permitted by the Lease and applicable law;

7.  The Court award any other and further relief to Dollar Tree as it may deem just and proper.

This the 7th day of April 2025.

/s/ Jonathan P. Heyl
Neale T. Johnson
N.C. State Bar No. 25590
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: 336.378.5319

Jonathan P. Heyl
N.C. State Bar No. 25559
Camryn A. Rohr
N.C. State Bar No. 54881
101 S. Tryon Street, Suite 1700
Charlotte, NC 28280
Telephone: (704) 384-2625
(704) 384-2610

E-mail: ntjohnson@foxrothschild.com
jheyl@foxrothschild.com
crohr@foxrothschild.com

14

*Attorneys for Plaintiff Dollar Tree Stores, Inc.*